IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| APRILE SEAFREIGHT S.P.A<br><br>Plaintiff,<br><br>v.<br><br>GLOBAL FREIGHT, INC. and<br>SEBASTIANO UZIELLI DE MARI,<br><br>Defendants. | No. 05 C 4850<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

Aprile Seafreight ("Aprile") filed a nine-count complaint against Global Freight ("Global") and Sebastiano Uzeilli De Mari ("Uzielli"), in his capacity of director of Global. According to Aprile, after entering into a contract to arrange transportation of Global's cargo, Global and Uzielli failed to comply with the terms of the contract, thus breaching the contract. Further, Aprile claims that Uzielli acted in a fraudulent manner with regard to management of Global's assets and its capitalization. Global and Uzielli have filed a motion to dismiss Counts I, III, IV, V, and IX against them pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, Global's Motion to Dismiss is GRANTED in part and DENIED in part.

### I. Factual Background

In resolving the motion to dismiss, the Court takes as true the following facts from the Plaintiff's complaint. Aprile entered into an agreement with Global, in which Aprile transported or arranged transportation of cargo from foreign ports to various U.S. ports on behalf of Global. Pursuant to the agreement, Global shipped, or otherwise had title to, the cargo. Aprile arranged and prepaid the freight costs of Global's cargo and then billed Global for its services. Despite numerous requests for payment and acknowledgment of the debt, Global refused to remit payment for Aprile's services pursuant to the contract.

According to Aprile, Defendant Uzielli, the sole shareholder of Global, maintained

absolute control over Global's affairs. As director of Global, Uzielli operated Global with the intent to defraud Aprile and other creditors. Uzielli also undercapitalized Global in furtherance of his scheme to defraud Aprile[1] and utilized Global's assets for his personal benefit. Uzielli had a personal financial interest in the scheme to defraud Aprile. In short, Aprile alleges that Defendant Uzielli created and operated Global solely with the purpose of defrauding third parties and to escape personal liability.

## II. Standard of Review

Motions to dismiss under *Rule 12(b)(6)* test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas. Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). The moving party bears the burden of showing beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

## III. Analysis

### A. *Count I - Piercing the Corporate Veil*

Defendant argues that Aprile has not alleged sufficient facts to pierce Global's corporate veil. To pierce Global's veil, Aprile's complaint alleges that Uzielli exercised absolute control over Global's affairs and used Global as a cloak for illegality. Aprile further alleges that Global was an undercapitalized shell and Uzielli misappropriated Global and Aprile's funds. Finally,

---

[1] In Count I of its complaint, Aprile states Uzielli was an undercapitalized shell. The Court believes that this is typographical error and presumes that Aprile was referring to Global.

Aprile also alleges that it was an intended victim of Uzielli's fraudulent actions. Corporate veil claims are analyzed under the state law. *Van Dorn Co. v. Future Chemical & Oil Corp.*, 753 F.2d 565, 570-71 (7th Cir. 1995). In order to pierce the corporate veil under Illinois law, a plaintiff must demonstrate a "unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist," and circumstances such that "adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences." *People of the State of Illinois v. V & M Indus., Inc.*, 298 Ill. App. 3d 733, 700 N.E.2d 746, 750-51, 233 Ill. Dec. 218 (Ill. App. 1998). Plaintiff's allegations, if taken as true, may indicate that Global was undercapitalized and simply functioned as a facade for the controlling shareholder, Uzielli. Plaintiffs are not required to allege the specific factual basis for their claim to pierce the corporate veil. See *Liberty Mut. Fire Ins. Co. v. Reimer Exp. Enterprises, Ltd.*, 82 F. Supp. 2d 887, 891-92 (N.D. Ill. 2000)(noting that "the specificity sought by defendants" to justify piercing the corporate veil "is not required under the notice pleading standard"). Further discovery may ultimately support or disprove Plaintiffs' allegations, but for present purposes they include the requisite elements, and are sufficient to withstand Defendant's motion to dismiss.

### B.     *Count III - Unjust Enrichment*

Defendant argues that plaintiff's unjust enrichment claim is barred because an express contract governs their relationship. Aprile argues that Count III is pled in the alternative to the breach of contract count is allowed by Fed. R. Civ. P. Rule 8(e)(2). Aprile's argument is not persuasive. A claim for unjust enrichment is based upon an implied, rather than a specific, contract. Where a specific contract governs the relationship of the parties, "the doctrine of unjust enrichment has no application." *People ex rel. Hartigan v. E&E Hauling, Inc.*, 153 Ill. 2d 473, 607 N.E.2d 165, 177, 180 Ill. Dec. 271 (Ill. 1992) (citations and quotations omitted). The Complaint does not comport with Aprile's alternative pleading theory argument because Aprile alleges that Global failed to pay Aprile for the services rendered in accordance with their

agreement. While Plaintiff is entitled under Federal Rule of Civil Procedure 8(e)(2) to plead the alternative claims of breach of contract and unjust enrichment despite the inconsistency between those claims, Plaintiff's unjust enrichment claim must not include allegations of a specific contract governing the parties relationship. See *Vanguard Fin. Serv. Corp. v. R W Prof'l Leasing Servs. Corp.*, 1998 U.S. Dist. LEXIS 17449, No. 98 C 1741, 1998 WL 774984, at *4 (N.D. Ill. 1998); *Cynthia Cooper and Rapid Transit Products, Inc., v. Durhan School Services a/k/a Robinson Bus Services*, 2003 U.S. Dist. LEXIS 25005, No. 03 C 2431 (N.D. Ill. 2003). Here, Plaintiff has alleged that the unjust enrichment is due to Defendant's failure to fulfill contractual terms. As such, Plaintiff's unjust enrichment claim must be dismissed without prejudice.

### C. Count IV - Fraud

The Defendant argues that Aprile's pleadings fail to meet the level of specificity required under Fed. R. Civ. P. Rule 9(b). The Court disagrees. In order to meet the requirements of Rule 9(b), a plaintiff must plead the identity of the person making the misrepresentation and the time, place, and content of the misrepresentation and the method by which the misrepresentation was communicated. *Uni\*Quality, Inc. v. Infotronx, Inc.* 974 F.2d 918, 923 (7th Cir. 1992). In other words, a plaintiff must plead with specificity the who, what, where, and when of the alleged fraud. *Slanley v. Intl. Amateur Athletic Fedn.*, 244 F.3d 580, 597 (7th Cir. 2001).

Generally, plaintiff's complaint alleges that on several occasions in 2004 and 2005, Global and Uzielli represented that Global would pay its outstanding debt, these representations were known to be untrue, were made to induce Aprile to rely on them, and that reliance led to substantial injury. In affidavits attached to Aprile's response to the motion to dismiss an employee and a former employee of Aprile further specify the dates and the representations made by Uzielli.[2] Specifically, the affidavit of Riccardo Pozzi, an Aprile officer, indicates that

---

[2] Contrary to Defendants' argument that Aprile's reliance on the affidavits is improper, it is well settled that a plaintiff may assert additional facts, either in its brief or in affidavits, in response to a 12(b)(6) motion, so long as those additional facts are consistent with its complaint. See *Help at Home, Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001), *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997); *Highsmith v. Chrysler Credit Corp.*, 18

on January 11, 2005, at a meeting in Genoa, Italy, Uzielli stated that Global would pay all outstanding invoices and wanted to continue doing business with Aprile. The affidavit of Diego Tari, former Chief Financial Officer of Aprile, indicates that during a meeting in Chicago on December 3 and 4, 2004 and in various phone calls during the first few months of 2005, Uzielli represented that Global would all outstanding invoices in weekly installments. Thus, after examination of plaintiff's complaint and affidavits, this Court finds that Aprile has sufficiently pled the who, what, when, where, and how.

### D. Count V - Negligent Misrepresentation

Defendant also seeks to have plaintiff's negligent misrepresentation claim dismissed. Defendant argues that plaintiff is precluded from recovery of purely economic losses in a tort action pursuant to the economic loss doctrine. Specifically, Global argues that Aprile seeks economic damages in a specified amount, thus its negligent misrepresentation claim is not cognizable under the economic loss doctrine because economic losses are not recoverable in a negligent misrepresentation claim. See *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 88, 435 N.E.2d 443, 451, 61 Ill. Dec. 746 (1982). "The basic principle of Moorman is that the type of loss, not the defendant's conduct, is critical. When only economic loss is incurred, the plaintiff may only raise contract theories even if the defendant's alleged conduct constituted a tort as well as a breach of contract." *Federal Deposit Insurance Corp. v. Miller*, 781 F. Supp. 1271, 1277 (N.D. Ill. 1991)(quoting *Valenti v. Qualex, Inc.*, 970 F.2d 363, 369 (7th Cir. 1992). Plaintiffs are entitled to all reasonable inferences that can be drawn from the pleadings. *Cler v. Illinois Educ. Ass'n*, 423 F.3d 726 (7th Cir. 2005). It is reasonable to believe that plaintiff may seek damages other than the damages for economic loss.

In order to recover for negligent misrepresentation in Illinois, a plaintiff must prove that the defendant making the negligent misrepresentation "is in the business of supplying information for the guidance of others in their business transactions." *Orix Credit Alliance, Inc.*

---

F.3d 434, 439 (7th Cir. 1994).

*v. Taylor Machine Works, Inc.*, 125 F.3d 468, 475 (7th Cir. 1997) (citations omitted). Again, Defendant believes that this claim should be dismissed because plaintiff fails to state that Global was in the business of supplying information. Plaintiff's complaint alleges that Global and Uzielli made negligent representations in their business capacity, upon which plaintiff relied. Plaintiff further alleges that Global and Uzielli breached a duty owed to plaintiff. These allegations, which must be accepted as true for the purposes of this motion, meet the requirements of Rule 8. Nevertheless, as stated above, plaintiff does not have to allege all elements of its claim in order to survive a motion to dismiss. *Bennett*, 153 F.3d at 518. Although plaintiff does not allege the specific facts regarding whether defendant is in the business of supply information, such specific allegations are not required to satisfy the notice pleading standing at his juncture. Therefore, Global's motion to dismiss is denied.

### E. *Count IV - Failure to Perform Duty as an Officer and Director*

Aprile alleges that Uzielli "failed to perform his duties as an officer and director of Global," and, in particular, "those duties in the management and disposition of Global's assets." Global responds that Aprile lacks standing to bring this claim and fails to state a claim for which relief can be granted. Global further argues that Aprile's complaint which charges a failure to perform duty as an officer and director, is a distinctly different cause of action than a breach of fiduciary duty. Therefore, according to the defendant, plaintiff's argument that an officer or director may owe a fiduciary duty to a creditor is inapplicable to the instant case. See *Dexia Credit Local v. Rogan*, 2003 U.S. Dist. Lexis 18368 (N.D. Ill. 2003). As reiterated above, plaintiffs are entitled to all reasonable inferences that can be drawn from the pleadings. *Cler v. Illinois Educ. Ass'n*, 423 F.3d at    Accordingly, it is reasonable that plaintiff's complaint, which does charge a breach of fiduciary duty against Uzielli and Global in Count VII, may further charge that Uzielli committed a breach of fiduciary duty in management of Global's assets. Civil Procedure allows a liberal pleading of claims regardless of consistency of allegations. See Fed.

R. Civ. P. 8(e)(2).[3]

As a preliminary matter, the Court must determine whether Seafreight has standing to bring this matter before the Court. The Court in *Dexia* held that the question of standing in fiduciary duty cases hinges upon whether or not the alleged injury is personal to the individual creditor or one that affects all creditors alike. *Dexia Credit Local*, 2003 U.S. Dist. LEXIS 18368 at 17, (citing Steinberg v. Buczynski, 40 F.3d 890, 892 (7th Cir. 1994)). The Court explained that this determination is fact specific. *Dexia Credit Local* 2003 U.S. Dist. LEXIS 18368 at 18. "A cause of action is 'personal' if the claimant himself is harmed and no other claimant or creditor has an interest in the cause." *Id.* (citing *Koch Ref. v. Farmers' Union Cent. Exch., Inc.*, 831 F.2d 1339 (7th Cir. 1987). Global argues that the facts of the instant case are dissimilar to the circumstances presented in *Dexia*, in that plaintiff fails to present facts or statements which reflect that Uzielli misappropriated funds or engaged in a fraudulent scheme. Nevertheless, plaintiff does not have to allege all the facts or elements in order to survive a motion to dismiss. In the instant case, Aprile makes a showing that its claims are personal. Aprile argues that it was the intended victim of Global and Uzielli's fraudulent action. It also alleges that after Global and Uzielli represented that the outstanding invoices would be paid, it continued to conduct business with the defendants. These allegations are personal enough in nature to survive defendant's motion to dismiss, therefore the Court concludes that Aprile has standing to bring this claim.

As a general rule under Illinois law, a corporate officer does not have a fiduciary duty to the corporation's creditors. See, e.g., *Technic Engineering, Ltd. v. Basic Envirotech, Inc.*, 53 F. Supp. 2d 1007, 1010-11 (N.D. Ill. 1999). However, Illinois does permit a creditor to make a claim against a corporate officer for breach of fiduciary duty when the officer wrongfully converts or misappropriates corporate assets and, by doing so, affects the relation between the corporation and its creditors. See, e.g., *Dexia Credit Local* 2003 U.S. Dist. Lexis 18368; *O'Connell v. Pharmaco, Inc.*, 143 Ill. App. 3d 1061, 1070-71, 493 N.E.2d 1175, 1182, 98 Ill.

---

[3] Rule 8(e)(2) states that "[a] party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds."

Dec. 154 (1986); *Technic Engineering, Ltd.*, 53 F. Supp. 2d at 1011(holding that officers and directors have a fiduciary duty to creditors once the corporation becomes insolvent). Plaintiffs have specifically alleged that Uzielli fraudulently diverted funds. Plaintiffs also alleged that Uzielli operated Global for his personal benefit and to escape personal liability. At this stage of the proceedings, plaintiff is only required to set forth sufficient facts to place the defendant on notice of the claims, he is not required to prove his case. Accordingly, the Court denies Global and Uzielli's motion to dismiss.

IT IS SO ORDERED

12/12/05
Dated

The Honorable William J. Hibbler
United States District Court